# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE GRIFFIN,<br><br>        Plaintiff,<br><br>   v.<br><br>D LOPEZ,<br><br>        Defendant. | Case No. 1:17-cv-00487-AWI-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 1)<br><br>THIRTY DAY DEADLINE |

    Plaintiff Willie Griffin is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's complaint, filed April 6, 2017.

## I.

## SCREENING REQUIREMENT

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

///

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is currently housed at the Substance Abuse Treatment Facility. Plaintiff brings this action against Defendant D. Lopez alleging violations of the First and Eighth Amendments.

Plaintiff is of the Muslim faith and embraces its tenets. (Compl. ¶ 8.) On June 19, 2016, Defendant Lopez refused Plaintiff his religious meals during Ramadan stating he did not care about Plaintiff's religion. (Compl. ¶¶ 11, 15.) Plaintiff alleges that Defendant Lopez has a custom of denying Muslim inmates their religious meals during Ramadan. (Compl. ¶ 13.)

For the reasons discussed below, Plaintiff's complaint fails to state a cognizable claim. Plaintiff shall be granted the opportunity to file an amended complaint to correct the deficiencies identified.

|   |   |
|---|---|
| 1 | **III.** |
| 2 | **DISCUSSION** |
| 3 | **A.    First Amendment** |

"[P]risoners retain the protections of the First Amendment" but their "right to freely exercise [their] religion is limited by institutional objectives and by the loss of freedom concomitant with incarceration." Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013) (citing O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1997)). The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith, but an impingement on an inmate's constitutional rights will be upheld "'if it is reasonably related to legitimate penological interests.'" Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)). Inmates "have the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion." McElyea v. Babbitt, 833 F.2d 196, 198 (9th Cir. 1987).

Plaintiff's allegation that he was not provided religious meals on a single day is the sort of "relative short-term and sporadic" intrusion that does not amount to a substantial burden on a prisoner's First Amendment free exercise rights. See Canell v. Lightner, 143 F.3d 1210, 1215 (9th Cir. 1998). Plaintiff's failure to receive religious meals on one day does not rise to the level of a substantial burden on his religious exercise. See McKenzie v. Ellis, No. 10CV1490-LAB AJB, 2012 WL 4050297, at *5 (S.D. Cal. Sept. 13, 2012), aff'd, 541 F. App'x 784 (9th Cir. 2013) (four day delay in receiving religious meals not constitutional violation); Moore v. Katavich, No. 1:15-CV-01317-BAM-PC, 2015 WL 13237071, at *2 (E.D. Cal. Dec. 18, 2015) (receiving wrong meal on three occasions insufficient to establish a sufficient burden on free exercise of religion); Camacho v. Shields, 368 F. App'x 834, 835 (9th Cir. 2010) (interruption of prayers on one occasion not a substantial burden on religious exercise).

Additionally, while Plaintiff alleges that he is Muslim and adheres to the tenets of the Muslim faith, the complaint does not allege that he sincerely believes that eating Muslim meals

is consistent with his faith. See Shakur, 514 F.3d at 885 (only those beliefs which are sincerely held and religious in nature are entitled to constitutional protection); Malik v. Brown, 16 F.3d 330, 333 (9th Cir. 1994), supplemented, 65 F.3d 148 (9th Cir. 1995) (to merit protection under the First Amendment the proffered belief must be sincerely held and rooted in religious belief). Since Plaintiff has not alleged that he has a sincerely held belief, the complaint fails to state a claim.

Plaintiff has failed to state a cognizable claim that Defendant Lopez violated his First Amendment rights to exercise his religion.

### B. Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).

To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. See, e.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). In order to state a claim, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. Farmer, 511 U.S. at 847; Frost, 152 F.3d at 1128.

Plaintiff's complaint is devoid of any allegations by which the Court could reasonably infer that the failure to provide Plaintiff his religious meals on one day placed Plaintiff at a substantial risk of harm to his health or safety. Plaintiff's allegation that he was not provided his religious meals on a single day does not rise to the level of an Eighth Amendment violation.

Plaintiff has failed to state a cognizable claim for violation of the Eighth Amendment.

**C.     Declaratory Relief**

Plaintiff seeks a declaratory judgment that the actions alleged in the complaint violated his constitutional rights. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

**IV.**

**CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a cognizable claim for a violation of his federal rights. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

Although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' " "a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Plaintiff is advised that an amended complaint supersedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed April 6, 2017, is dismissed with leave to amend;
3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order; and
4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: **May 11, 2017**

UNITED STATES MAGISTRATE JUDGE